Filed 8/11/25  P. v. Gurtner CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084937 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF2105199) |
| AARON ERWIN GURTNER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, Eric A. Keen, Judge.  Reversed and remanded with directions.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Elizabeth M. Renner, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Aaron Erwin Gurtner appeals from an order denying his request for custody credits for the time served from his original sentencing hearing and a resentencing hearing after a prior appeal. The People concede that Gurtner is entitled to these custody credits and the trial court erred by denying his request and instead directing the probation department to provide the updated credits information to the California Department of Corrections and Rehabilitation (CDCR). We accept the People's concession and remand the matter to the trial court to calculate and award these credits and amend the abstract of judgement accordingly.

A jury found Gurtner guilty of two counts of attempted murder (Pen. Code,[1] §§ 187, 664) and found true the enhancements on each count for personally and intentionally discharging a firearm (§ 12022.53, subd. (c)). The court sentenced him to 14 years to life, plus 20 years. At the original sentencing, the court awarded Gurtner 469 days of credit consisting of 408 days of actual time and 61 days of conduct credit.

On direct appeal, we found that the concurrent enhancement attached to count two was unauthorized. (*People v. Gurtner* (May 9, 2024, D083312) [nonpub. opn.].) We therefore reversed and remanded for resentencing.

At the resentencing, the trial court did not award any additional credit for the time Gurtner served after the original sentencing. Instead, the court stated that the probation department could determine the additional credits and forward the information to CDCR.

On January 23, 2025, Gurtner's counsel wrote an informal letter to the superior court, informing it that Gurtner's presentence confinement credit had not been updated and requesting that the additional credits be awarded

---

[1]    All further statutory references are to the Penal Code.

and the abstract of judgment amended. The court issued a minute order treating the letter as a motion and denying the motion as follows: "The court previously ordered for probation to calculate credits and forward them to the Department of Corrections. [¶] That order will remain. [¶] Credits to be calculated by Probation." This appeal followed.

We agree with the parties that the trial court erred by refusing to calculate and award these credits itself. " '[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody.' " (*People v. Sek* (2002) 74 Cal.App.5th 657, 673, quoting *People v. Buckhalter* (2001) 26 Cal.4th 20, 29; see § 2900.1.) "The court must also calculate conduct credits for the period before the original sentencing hearing. [Citation.] The agency to which the defendant is committed—in this case the Department of Corrections and Rehabilitation—calculates and applies conduct credit for time following the original sentencing hearing." (*People v. Sek*, at p. 673.) Although the court may seek input from probation or CDCR, it is the duty of the sentencing court itself to calculate and award presentence credits. (*People v. Montalvo* (1982) 128 Cal.App.3d 57, 62–63.) We therefore conclude that the trial court must calculate and award these additional presentence credits and issue an amended abstract of judgement.

## DISPOSITION

The order denying Gurtner's request for additional presentence credits is reversed. The matter is remanded to the trial court to calculate and award the additional presentence credits, issue an amended abstract of judgment,

3

and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

BUCHANAN, J.

WE CONCUR:


DATO, Acting P. J.


CASTILLO, J.